| 64 | 307 |
| 132 | 20 |
| 33a | 510 |
| 64 | 307 |
| 75a | 643 |

## THOMAS WARD *et al.*

*v.*

## HARVEY BROWN.

1. TRESPASS—*whether the action will lie.* An action of trespass will not lie against the owner of cattle for trespasses committed by them while they are in the hands of an agister or bailee. If the owner could be held liable for such trespasses at all, it would be in case and not in trespass; as, if the owner of the cattle selected a reckless and irresponsible agister or bailee, and had he known or had reason to believe the cattle would commit the trespasses when he placed them in his hands, he might then be liable in case.

2. A agreed with the owner of a lot of cattle to pasture them for a specified price per week in his cornstalk field. Afterwards, A made an arrangement with B, without the knowledge of the owner, by which the

308 WARD *et al. v.* BROWN. [Sept. T.,

Opinion of the Court.

cattle were placed in the field of B, which adjoined that of A, and they were to divide the pay, according to an agreement between them. The cattle were first put in the field of A, but the fence was taken down between his field and that of B by them, so as to permit the cattle to run in both fields. The cattle broke through from the field of B into that of C, and committed certain trespasses, for which C sought to recover damages from the owner of the cattle. It appeared that the portion of the division fence between C and B, which the latter was bound to maintain, was insufficient to turn stock, and that the cattle passed through that portion of the fence. The trespasses were committed before the owner of the cattle knew that they had been turned into the field of B: *Held*, that the owner of the cattle was not liable to respond in damages for the trespasses committed by them.

APPEAL from the Circuit Court of La Salle county; the Hon. EDWIN S. LELAND, Judge, presiding.

Mr. E. F. BULL, for the appellants.

Messrs. ELDRIDGE & LEWIS, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action of trespass, brought by appellee, before a justice of the peace, against appellants, to recover damages claimed to have been sustained by the trespass of appellants' cattle upon appellee's premises. A trial before the justice of the peace resulted in a judgment in favor of plaintiffs for $24 and costs. The case was removed by appeal to the circuit court of La Salle county, where a trial was again had by the court, by consent of the parties, without a jury, which resulted in a like judgment as that rendered by the justice, and the case is appealed to this court.

It appears from the record in the case that appellants agreed with one Conners to pasture their cattle, for a specified price per week, in the cornstalk fields of Conners. Afterwards, Conners made an arrangement with one Burns, without the knowledge of appellants, by which the cattle were placed in Burns' field, which adjoined Conners', and they were to divide

the pay, according to an agreement between them. The cattle were first put into Conners' field, but the fence was taken down between Conners' and Burns' fields by them, and the cattle were permitted to run in both fields. The cattle broke through from the field of Burns to that of appellee, and committed the trespass for which the action was brought. It also appears that the portion of the division fence between appellee and Burns, which the latter was bound to maintain, was insufficient to turn stock, and the cattle passed through that portion of the fence. The trespasses were committed before appellants knew that the cattle had been turned into Burns' field. There were also 10 or 15 head of Conners' cattle running with those of appellants.

Are appellants liable, under the circumstances of the case, to respond in damages? We think not. In Hilliard on Torts, vol. 1, p. 565, it is said: "If a servant or stranger, without the concurrence of the owner, chase or put his cattle into another's land, such owner is not liable, but the action must be brought against the servant or stranger;" and it is said in Bacon's Abridgment, title Trespass G 2, p. 594, "if a servant, without the knowledge of his master, put his master's beasts into the close of J S, this action does not lie against the master." In this case we can see no act done by appellants which either directly or indirectly contributed to the injury. They hired Conners to pasture the cattle in his field, and if he turned them into another field, from which they escaped into that of appellee, it was without the knowledge of appellants. If Conners could be said to be the servant or agent of appellants, his unauthorized acts, we have seen, could not render appellants liable in trespass; but he became a bailee, and entitled to the possession and control of the cattle for the purposes of the bailment, and thus acquired a special property in the cattle; and whilst thus in his possession, he was liable for their trespasses, either separately, or jointly with Burns.

After the cattle were placed in the hands of Conners, appellants ceased to have any right, during the continuance of the

bailment, to possess or control the cattle; and having no right to control them, upon what principle can they be held liable for the trespasses committed by the cattle? The liability of the owner of stock for their trespasses proceeds upon the ground that he has their possession and control. If a man were to hire his horse to another for a specified time, and deliver possession to the bailee, and the animal were within that time, and whilst in the bailee's possession, to commit a trespass, no one, we presume, would contend that the owner would be liable, for the reason that the owner would have no control of the animal. And in what does the difference, in principle, consist, between such a case and the one at bar? In neither does the owner have the control of the property, but in each case it is in the bailee.

In the case of *Rassett* v. *Cotton,* 31 Penn. R. 525, it was held that if the owner was liable for the trespasses of his cattle whilst in the possession of an agister, it was in case, and not in trespass; and we are of the opinion that if he can in such a case be rendered liable at all, it should be in case, and not in trespass. Cases may arise in which the owner would be liable in case, but we see nothing in the facts of this case that would warrant a recovery in that form of action. There is nothing indicating that appellants were guilty of negligence, either in the selection of the bailee or in placing the cattle in his field, or in fact the omission of any duty that devolved upon them. Had they selected a reckless and irresponsible bailee, and had they known, or had reason to believe, the cattle would commit the trespass when they were placed in his hands, it might be the owners would have been liable in case; but there is no evidence of such facts in this case.

The judgment of the court below is reversed.

*Judgment reversed.*