JOHN B. OZBURN *et al.*

*v.*

PAUL B. ADAMS.

1. TRESPASS BY ANIMALS—*defective division fence.* Where parties own adjoining lands, separated by a division fence, and the defendants' horses and cattle break through defendants' portion of the fence, which is defective, and damage the plaintiff's crops, the latter may maintain an action against the defendants to recover the damages done by such stock, and this notwithstanding his part of the fence is also defective.

2. PARTIES DEFENDANT—*when owners of stock in severalty may be sued jointly for trespass.* Where the horses trespassing upon the plaintiff were owned by several defendants, not jointly, but severally; were kept together in a common herd on the owners' farm, and were under the joint control of all of the owners, and they broke through the defendants' portion of a division fence, which was out of repair, and damaged the plaintiff's crops, it was *held,* that the plaintiff might maintain an action against all the defendants, jointly.

3. TRESPASS BY STOCK—*who liable for.* The party in possession of stock, and who has control over them, is liable for damage done by them, in the same manner as though he were the owner. The owner who hires his stock to pasture in the field of another, when the latter puts them in a field adjoining one, into which they break and do damage, is not liable to the party injured.

APPEAL from the Circuit Court of Stephenson county; the Hon. WILLIAM BROWN, Judge, presiding.

This was an action brought by Paul B. Adams, against John B. Ozburn, Thomas Ozburn, David W. Ozburn and William Ozburn. The opinion states the facts of the case.

Mr. U. D. MEACHAM, for the appellants.

Mr. J. M. BAILEY, and Mr. J. I. NEFF, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action brought by appellee, against appellants, to recover damages for crops destroyed by the stock of appellants.

The case was commenced before a justice of the peace, where appellee recovered a judgment of $23. Appellants appealed to the circuit court of Stephenson county, where the cause was tried before a jury, and a verdict rendered in favor of appellee for $75.

The facts, as shown by the record, are these: Appellee and appellants occupied adjoining farms, in Stephenson county, separated by a division or partition fence, one-half of which was owned and kept in repair by appellee, and the other half by appellants. There were three houses on the land of appellants, one occupied by Thomas and David, one by William, and one by John. The animals of appellants that committed the damage to appellee's crops, were owned by them in severalty, and not jointly, but were kept in a common herd on appellants' farm, and seem to have been under the joint care and control of appellants.

On the trial, it was proved appellants' portion of the fence was not sufficient to turn stock, and that the damage was done by the stock of appellants going over their portion of the division fence and destroying the crops of appellee.

Appellants ask a reversal of the judgment on two grounds, to-wit:

*First*—Because appellee's portion of the partition fence was defective, and the damage was done by their stock going over his portion of the fence.

*Second*—That the animals that did the damage were owned by defendants in severalty, and not jointly, and that a joint action against them can not be maintained.

So far as the first question is concerned, appellee based his right of recovery entirely on the ground that appellants' part of the partition fence was not sufficient to turn stock, and that their animals passed over such defective fence and did the damage.

On the trial, appellants introduced evidence to show that appellee's part of the partition fence was defective, and the damage was caused by such defective fence; and, at their request, the court, by the fifth instruction, in substance, instructed the jury that, if they found the fence appellee was bound to keep in repair, was defective, and the animals went over such defective fence, and did the damage, appellee could not recover. Thus, it appears that issue was fairly submitted to the jury, both by the evidence and the instructions of the court; and they have found against the appellants, and we see no reason why their finding is not justified by the evidence, as the preponderance of the testimony was clearly in favor of appellee.

Upon the second question raised, there is no conflict of evidence. The stock were owned by the defendants in severalty, but were kept by them in common on the farm they occupied, and seemed to be under their joint control.

It is insisted, that a separate suit should be brought against each owner, for the damage done by the stock of each. We do not think this position tenable.

The owner of horses or cattle is not always liable for the damage they may do. If, for instance, the appellants had taken cattle to pasture on their farm, for hire, and the cattle had gone through their part of the division fence, which was defective, and damaged the appellee, we see no reason why appellants, and not the owner of such cattle, would be responsible for the damage done; and this is upon the principle that the liability rests upon the person in the possession and control of stock, and not the owner.

In *Russell* v. *Cottom*, 31 Penn. 525, it was held that the owner of domestic animals was not always liable in trespass

for injuries done by them, but the liability rested on the person having the custody and control. In that case, the court say: "The reason of liability, in such cases, arises out of the legal requirements to take the necessary care and control of them, so as to prevent injury, which implies not only the duty, but the right to control;" and again: "It is not the ownership of the trespassing creature, but the possession and use that creates the liability."

In the case of *Barnum* v. *Vanderson*, 16 Conn. 200, it was held that he who has the care and custody of sheep, for the purpose of depasturing them, is liable for damage done by them, in the same manner and to the same extent as the owner.

In the case of *Ward et al.* v. *Brown*, 64 Ill. 307, this court held, where the owner of cattle hired them pastured in the field of one Connors, and Connors placed them in the pasture field of an adjoining farm, and they broke through a partition fence on another farm, and destroyed crops, that the owner was not liable.

These authorities all proceed on the ground that the possession and control of the animal fixes the liability, and not the ownership.

In the case under consideration, it was immaterial how appellants owned the stock that did the damage. They had the possession and control of the animals, and are liable jointly for the damage they did.

It is said, the verdict of the jury is excessive. As to the amount of damage done, the evidence was somewhat conflicting. It was the duty of the jury, from all the evidence, to determine the amount. We do not think the amount found larger than the evidence would warrant.

The judgment will be affirmed.

*Judgment affirmed.*