Harriman. et al. v. Stowe.

MAGGIE M. HARRIMAN, *et al.*, Respondents, *vs.* ASA M. STOWE, Appellant.

57 93
97 169,
97 173

57 93
35a 296

57 93
36a 99

57 93
114 558

57 93
124 527
58a 634
59a 475

57 93
126 157
127 555

57 93
68a 104

57 93
174 1223
98a 2451

1. *Witnesses—Testimony of wife when substantially a party — Constr. stat.*—Section 5 of the Witness Act (Wagn. Stat., 1372–3,) does not preclude the wife from testifying where she is a substantial party to the suit.

2. *Suit for damages—Subsequent declarations, when res gestæ.*—In suit to recover for injuries, where the casualties and declarations touching the same formed connecting circumstances, although some little time may have intervened between them, the declarations are admissible as part of the *res gestæ.*

3. *Agent—Principal responsible for negligence of, when.*—The principle is well settled that where an agent is employed to perform or superintend work, the principal is responsible to third persons for injuries caused by the neglect or nonfeasance of the agent in doing his work. And this principle obtains, though the agent exceeds his powers or disobeys his instructions, provided he does the act in the course of his employment.

4. *Agent, liability of, to third party for misfeasance.*—In a case of positive misfeasance, and not mere omission of duty, on the part of an agent or employee, he will be directly liable to a third party for injuries resulting therefrom. Thus where an agent undertook to build a trap-door, but did the work so negligently as to cause the injury complained of, action would lie by the injured party not only against the principal but the agent also.

*Appeal from Jackson Circuit Court.*

*Karnes & Ess,* for Appellant.

I. In the case of Brownell vs. The Pacific R.R.Co.,(47 Mo.239) the declaration was made "immediately after the accident." In this case the declarations were not made for several hours after, and there are "no connecting circumstances" of any kind whatever. We understand the law to be, that the *res gestæ* are first, the statement of the cause of the injury, made by the party almost contemporaneously with its occurrence. Second, those relating to the consequences or results of the injury, and which may be made at any time while such consequences exist. (Ins. Co. vs. Mosely, 8 Wall. [U. S.], 397; King vs. Foster, 6 Car. & P., 325; Thompson vs. Trevanion Skin., 402; Hanover R. R. Co. vs. Coyle, 55 Penn. St. 402.)

II. An action for negligence cannot be maintained against an agent, when the negligence consists in the omission of a duty imposed. (Henshaw vs. Noble, 7 Ohio St., 226; Colvin vs. Holbrook, 2 Comst., 126; Comeron vs. Reynolds, 1 Cowp.,

406; Denny vs. Manhattan Co., 2 Denio, 115; Montgomery Co. Bank vs. Albany City Bank, 3 Selden, 464.) There was no privity between appellant and respondents, and for a neglect of duty he was only answerable to his employer. The maxim in such cases is *respondeat superior*. (Black Stock vs. New York & Erie R. R. Co., 20 N. Y., 51; Sto. Ag., § 309.)

*Johnson & Botsford*, for Respondents.

I. The testimony of Mrs. Harriman was erroneously excluded, (Tingley vs. Cowgill, 48 Mo., 291; Fugate vs. Pierce, 49 Mo., 441,) but this was done at the instance of defendant.

II. It could not have been more than three hours, and may have been but a few minutes, from the time she was injured, to the time when she made the statement complained of, to her physician. The statements thus made as to the cause of her injuries, were clearly a part of the *res gestœ*. (Brownell vs. Pacific R. R., 47 Mo., 239; State vs. Sloan, 46 Mo., 604; Ins. Co. vs. Mosely, 8 Wall., 397; Comm. vs. McPike, 3 Cush., 181; Comfort vs. The People, 54 Ill., 404.)

III. For an act of negligence producing an injury to a third party, both the principal and agent are liable, and may be sued either jointly or severally. (Wright vs. Wilcox, 19 Wend., 343; Montfort vs. Hughes, 3 D. Smith, 591; ~~Snyder~~ Suydam vs. Moore, 8 Barb., 358; Hewitt vs. Swift, 10 Am. Law Reg. 505; Phelps vs. Wait, 30 N. Y., 78; Witte vs. Hague, 2 Dowl. & Ryl., 33; Shearm. & Redf., Neg., § 112.)

Wagner, Judge, delivered the opinion of the court.

The plaintiff, a married woman, in conjunction with her husband, brought this action for damages against the defendant for injuries sustained by her in falling through a hatchway which, it was alleged, was constructed by defendant, and by him negligently, carelessly and wrongfully left insecure and unprotected.

The answer denied the allegation of negligence, and as a further defense, set up that the house where the hatchway

was built was the property of defendant's wife, and that defendant in doing the work was acting as her agent. There was a replication as to negligence and carelessness, but it was admitted that the property belonged to defendant's wife.

The verdict and judgment were for plaintiff, and defendant appealed. Upon the trial, the plaintiff, Mrs. Harriman, was offered as a witness and excluded by the court. As she was the substantial party in the case under the statute, she was a competent witness, and the ruling of the court was erroneous. (Tingley vs. Cowgill, 48 Mo., 291; Fugate vs. Pierce, 49 Mo., 441.) But the plaintiff is not here as a complainant, and if the judgment is affirmed the error does not injure her. On the trial, E. W. Shauffler was sworn as a witness for the plaintiff, and stated that he was a practicing physician, and as such attended on the plaintiff. The defendant objected to his giving any testimony because under the statute he was incompetent. This objection was overruled.

The witness was then asked to state in what condition he found the plaintiff when he was called in. This question was objected to by the defendant for the same reason as above given. The court sustained the objection, but permitted the witness to answer under the following restriction: "In answering the question you will not reveal any information you may have received from the plaintiff while attending her in your professional character, which information was necessary to enable you to prescribe for her as a patient in your capacity as physician or surgeon." The witness then gave testimony tending to show that plaintiff was injured about noon, what her injuries were, that he was her physician before that time and that he was called to see her between one and four o'clock of that day. At the same time she stated to him that the trap-door in the kitchen had been left in an insecure condition, and that she stepped on it and fell through.

The statute says that a "physician or surgeon" shall be incompetent to testify, "concerning any information which he may have acquired from any patient while attending him in a professional character, and which information was necessary

to enable him to prescribe for such patient as a physician or do any act for him as a surgeon." (2 Wagn. Stat., p. 1374, § 8.) As the court restricted the witness from giving any information forbidden by the statute, the only inquiry is, whether the evidence was admissible on any other principle. The general rule is, that evidence in order to become a part of the *res gestæ* should consist of declarations made contemporaneously, or nearly so, with the main event by which it is alleged that the principle transaction occurred. (Brownell vs. Pacific R. R. Co., 47 Mo., 239.)

But in the Insurance Co. vs. Mosely (8 Wall., 397) where the question was carefully and ably considered, it was declared that though generally the declarations must be contemporaneous with the event, yet where there are any connecting circumstances they may, even when made some time afterward, form a part of the whole *res gestæ*.

So in the Commonwealth vs. McPike, (3 Cush., 181) the indictment was for manslaughter, the defendant being charged with killing his wife.

It appeared that the deceased ran up stairs from her own room in the night, bleeding and crying "murder! Another woman, into whose room she was admitted, went at her request for a physician. A third person, who heard her cries, went for a watchman, and on his return proceeded to the room where she was. He found her on the floor bleeding. She said the defendant had stabbed her. The defendant's counsel objected to the admission of this declaration in evidence. The objection was overruled. The court decided that the evidence was properly admitted. It was said that it was of the nature of *res gestæ*. It will be observed that the declarations were not contemporaneous, but that considerable time must have elapsed between the time when the act was committed and that when the declarations were made; but the screams of the injured woman, her running into another room, her being found bleeding upon the return of the person who went for the watchman, all formed connecting links and rendered the declarations equally as satisfactory as if they

had been made at the time the wounds were given. In the present case the witness came within a short time after the plaintiff received the injuries. He found her suffering, and she told him how she was hurt, namely, by falling through the trap door.

The accident and the declarations formed connecting circumstances, and in the ordinary affairs of life no one would doubt the truth of these declarations or hesitate to credit them as evidence. I can perceive no valid objection to their admissibility.

The instructions given by the court submitted the case with unquestionable fairness. For the defendant the court declared the law as follows:

First. Before the jury can find for the plaintiffs it devolves on the plaintiffs to prove that the defendant constructed the trap-door and hatchway mentioned in plaintiffs' petition, carelessly, negligently and unskillfully, or so left it; and that Maggie M. Harriman, the plaintiff, fell through the trap-door and hatchway, and that such falling was occasioned by the careless, negligent and unskillful construction of said trap-door and hatchway by the defendant, or by so leaving it.

Second. If the jury believe from the evidence that the defendant, in the construction of said hatchway and trap-door and in leaving it, exercised such care as an ordinarily prudent man would exercise, in doing similar work, to prevent injuries to persons passing over the same, then they will find for the defendant; and it devolves on the plaintiffs to prove that defendant failed to exercise such care.

These instructions were sufficiently favorable to the defendant, and there is nothing in those given by the court on the part of the plaintiff which in anywise conflicts with or militates against them.

But it is urged with great pertinacity here that the defendant, in doing the work, was acting as the agent of another, and that, therefore, he is responsible to his principal only and not to the plaintiff.

7—VOL. LVII.

The well settled principle of law is, that where an agent is employed to perform or superintend work, the principal is responsible to third persons for injuries caused by the neglect or non-feasance of the agent in doing the work. (Morgan vs. Bowman, 22 Mo., 538.) And this principle obtains, though the agent exceeds his powers or disobeys his instructions, provided he does the act in the course of his employment. (Douglas vs. Stephens, 18 Mo., 362 ; Minter vs. Pacific Railroad, 41 Mo., 503 ; Garretzen vs. Duenckle, 50 Mo., 104.)

In such cases the doctrine of *respondeat superior* applies, and the liability is cast upon the master who employed the agent and caused the work to be done. (Barry vs. St. Louis, 17 Mo., 121 ; Clark vs. H. & St. Jo R. R., 36 Mo., 202.)

Judge Story says the distinction ordinarily taken, is between acts of mis-feasance, or positive wrongs, and non-feasance, or mere omissions of duty by private agents. The law on this subject as to principals and agents, is founded upon the same analogies as exist in the case of masters and servants. The master is always liable to third persons for the mis-feasances and negligences and omissions of duty of his servant, in all cases within the scope of his employment. So the principal in like manner, is liable to third persons for the like mis-feasances, negligences and omissions of duty of his agent, leaving him to his remedy over against the agent in all cases where the tort is of such a nature that he is entitled to compensation. The agent is personally liable to third persons, for his own mis-feasances and positive wrongs, but he is not in general liable to third persons for his own non-feasances or omissions of duty, in the course of his employment. His liability in these latter cases, is solely to his principal, there being no privity between him and such third persons ; and the privity exists only between him and his principal. Therefore, the general maxim as to all such negligences and omissions of duty is, in cases of private agency, *respondeat superior*, (Story on Agency, § 308) and such is the general doctrine. (2 Kent Com., 10 Ed., 878, note ; Pars. Cont., 5 Ed., 66 ; Calvin vs. Holbrook, 2 Comst., 126 ; Denny vs. Manhattan Co., 2 Denio, 118 ; 1 Bl. Com., 413.)

Harriman, et al. v. Stowe.

The true distinction, as stated by Story, is between acts of mis-feasance, or positive wrongs, and non-feasance, or mere omissions of duty. In the latter case, the master or principal is alone liable to third persons; whilst in the former, the responsibility rests upon both the principal and agent. Thus, in Wright vs. Wilcox, (19 Wend., 343) Cowen, J., speaking for the court, says: "In a case of strict negligence by a servant, while employed in the service of his master, I see no reason why an action will not lie against both jointly. They are both guilty of the same negligence, at the same time and under the same circumstances; the servant in fact, and the master constructively, by the servant, his agent." Lord Holt, in his celebrated judgment in Lane vs. Cotton, (12 Mod. 488; S. C., Ld. Raymond, 646, 655,) says that for the neglect of the servant, third persons can have no remedy against him, but that the master ‥is alone chargeable; but for a mis-feasance, or actual tort, an action will lie against the servant, because he is a wrong-doer. The same views are confirmed in numerous adjudged cases. (Cary vs. Webster, 1 Strange, 480; Montfort vs. Hughes, 3 E. D. Smith, 591; Suydam vs. Moore, 8 Barb., 358; Phelps vs. Wait, 30 N. Y., 78.)

The present case seems to be one, not of mere non-feasance or omission, but of strict negligence or wrong. The agent undertook and proceeded to build the trap-door, but did it so negligently as to cause the injury; under such circumstances the action would be maintainable against the agent and the principal also. The answer states, and the pleadings admit, that the house, upon which the work was done, was the property of defendant's wife, and that he was acting as her agent. But it is not averred, nor does the case anywhere show, that it was her separate estate. If she simply owned the fee simple, as is inferable from the pleading, then the defendant, in constructing the trap-door, was acting for himself as well as for his wife, for the uses, rents and profits of the wife's realty belong to the husband during coverture.

Under any view that we can take of the case, we think that the action was properly brought, that the judgment was right and should be affirmed; the other judges concur.