————o————

PERRY BUIS AND RICHARD BUIS, Respondents, *vs.* WILLIAM COOK, Appellant.

1. *Bailment—Hire of horse—Care necessary.*—The hirer of a horse is only bound to exercise the care and discretion, in his use, which a man of ordinary prudence and discretion would exercise in the use of his own property; and is not liable for injuries arising from sickness not caused or contributed to by his abuse or negligence.

2. *Agency—Misfeasance.*—The agent is responsible to a third party for positive misfeasance.—(Harriman vs. Stowe, 57 Mo., 93.)

*Appeal from Andrew Circuit Court.*

*David Rea*, for Appellant.

*J. P. Altgeld*, for Respondents.

WAGNER, Judge, delivered the opinion of the court.

This action was brought to recover damages for an injury done to a team of horses, in overheating and driving them immoderately by the defendant.

Evidence was introduced by the plaintiff tending to show that one of the horses was killed and the other greatly injured in consequence of the defendant's driving them rapidly, and without exercising the care and proper prudence on a warm day. The defendant gave evidence of a contrary character. As the jury found for the plaintiffs, they must have believed that the allegations in their petition were sustained.

There was but one instruction given for the plaintiffs, and that very clearly laid down the law, respecting the duty of a hirer, in using horses which he has hired. Indeed it is not objected to in this court.

For the defendant, the court instructed the jury that if they believed from the evidence that the mare died and the horse became sick from overheating, whilst the defendant was making his journey, yet, if they further believe that the defendant drove the same in a common and ordinary manner, such as like teams were usually driven to carriages and buggies by persons of ordinary prudence and discretion, and also watered as often, and that defendant exercised such care and attention over the same as a man of ordinary prudence and discretion would have done with his own under the circumstances, then the verdict should be for the defendant.

The jury were further told that if the mare died or the horse was injured from sickness not caused or contributed to, by the abuse or negligence of defendant, then the verdict should be in his favor.

These instructions correctly declared the law; they covered the whole case and were all that were necessary.

All the other instructions were rightfully refused. It is contended that the fifth instruction should have been given, which proceeded upon the hypothesis that the team was hired to another person and that the defendant, in driving it, was acting in the capacity of an agent, and therefore he was not personally liable to the plaintiff. But of this there was no evidence to take the case to the jury; besides, the proposition of law asserted was incorrect. The abuse and injury to the team was a positive misfeasance, and not a mere omission of duty; and, in such a case, the agent is always liable to the injured third party. (Harriman vs. Stowe, 57 Mo., 93.)

The judgment should be affirmed; the other judges concurring.