## LYMAN BAIRD AND FRANCIS BRADLEY
### v.
## ELIAS SHIPMAN, ADMINISTRATOR.

*Agency—Real Estate Agents in Complete Control—Negligence of— Agreement to Put in Complete Repair—Failure to do so—Injury to Third Person—Damages—Recovery of, from Agent.*

1. If, in the exercise of his duties, an agent is intrusted with the operation of a dangerous machine, to guard himself from personal liability he must use proper care in its management and supervision so that others in the use of ordinary care will not suffer in life, limb or property. Such duty is a common law obligation, and is neither increased nor diminished by his entrance upon the duties of the agency, nor can its breach be excused by the plea that his principal is chargeable.

2. An agent in undertaking and entering upon the execution of a particular work, is bound to use reasonable care in the manner of executing it, so as not to cause any injury to third persons which may be the natural consequence of his acts, and he can not, by abandoning its execution midway, and leaving things in a dangerous condition, exempt himself from liability to third persons who suffer injury by reason of his having so left them without proper safeguards.

3. In an action against real estate agents for the recovery of damages for the death of a third person rightfully upon premises owned by a non-resident and in their charge, it being alleged that the same occurred through the dangerous condition of a stable door thereon, this court declines to interfere with the verdict for the plaintiff.

[Opinion filed September 16, 1889.]

APPEAL from the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge, presiding.

Mr. L. H. BOUTELL, for appellants.

Agents are not liable to third persons for damages caused by their negligence.

It is an old and well established principle that an agent is not liable to third parties for damages caused by his negligence. He is so liable for misfeasance, but not for non-feasance. The reason assigned is that there is no privity between the agent and third persons. He is so liable to his principal for neglect, and the principal alone is liable to third persons. Story on Agency, Sec. 308; 3 Sutherland on Damages, p. 60; Bell v. Josslyn, 3 Gray, 309.

An apparent exception to the rule is in the case of contractors, to whom the owner of land has surrendered its possession and control during the performance of the contract. In these cases it is held that the contractor becomes, for the time being, a substituted principal, and so becomes liable to third persons for the negligence of himself or his employes.

But for the same reason that, in this class of cases, the contractor is held liable to third persons for negligence, it is also held that there is no liability on the part of the owner. Scammon v. City of Chicago, 25 Ill. 424; Prairie State L. & T. Co. v. Doig, 70 Ill. 52; Hale v. Johnson, 80 Ill. 185; Kepperly v. Ramsden, 83 Ill. 354.

But even in the case of a contractor, if the owner retains a supervisory power over the work, it is held that the owner, and not the contractor, is liable to third persons for acts of negligence. Schwartz v. Gilmore, 45 Ill. 455; City of Chicago v. Joney, 60 Ill. 387.

In the first of these cases it was held that the owner was liable for the negligence of the contractor, because the work was to be done under the supervision of the owner's architect. In the second case the owner was held liable for the negligence of the contractor, because the work was to be done under the direction of the owner's engineer.

In the case at bar, there was nothing in the relation of the appellants, Baird & Bradley, to Goodman, to take the case out of the ordinary rule applicable to principal and agent. They were merely real estate agents, having charge of this property to rent it for the benefit of the owner. Their duty to Mr. Goodman required them to rent it to the best advantage, and to that end to put it in such repair that it would so rent. They were not in the position of contractors who had the complete control of the property, but were at all times subject to the direction of Goodman the owner. The character of their agency is set forth in the stipulation in this case (Rec. 102) as follows:

"Baird & Bradley, the other defendants in this case, are real estate agents in the city of Chicago, doing a general business as such real estate agents therein, and as such were the agents of said Goodman, having the charge of said property as real estate agents, to rent the same for the said Goodman, subject to any directions he might give them from time to time concerning the same."

The principles laid down in Schwartz v. Gilmore, and City of Chicago v. Joney, are applicable to the present case. As

between Baird & Bradley and Mr. Goodman, it was undoubtedly the duty of Baird & Bradley to see that the premises when rented were in proper repair. But they did not for this purpose, have such complete possession and control of the premises that Goodman could not interfere with their actions at any time and in any way he saw fit. They never, therefore, occupied the position of substituted principals. They were merely agents, liable to their principal for neglect of duty, but not liable for such neglect to third persons.

The court was therefore in error when it instructed the jury to find Baird & Bradley guilty, if they found that Baird & Bradley "had full power and authority to make, upon said barn, all necessary and proper repairs, to keep it in good repair and condition without consulting Mr. Goodman, the owner, and that it was their duty, under their employment from Goodman to make such repairs when necessary; in short that they had full control, power and authority over said premises."

Messrs. CAMERON & HUGHES, for appellee.

GARNETT, P. J.  This is an appeal from a judgment for damages founded on the alleged negligence of appellants, by which the death of Joseph Garnett, appellee's intestate, is said to have been caused.  The place where the injury happened was in a barn situated on premises on Michigan avenue in Chicago, belonging to Aaron C. Goodman, who was then and for several years before, a resident of Hartford, Connecticut. Appellants were his agents for renting the premises during the years 1884 and 1885, and during both years were carrying on the real estate business in Chicago.  On the trial, evidence was given tending to show that they had, in fact, complete control of the premises with the residence and barn thereon, repairing the same in their discretion, and there was no proof that in such matters they received any directions from the owner.  The property was rented by appellants to Emma R. Wheeler and A. R. Tillman from April 1, 1884, to April 30, 1885, and to Emma R. Wheeler from May 1, 1885, to April

30, 1886. Both leases were in writing and by the terms of each lease the tenant covenanted to keep the premises in good repair. The tenant in the last lease rented the premises to Nellie E. Price, who occupied the same from April 28th, to September, 1885. The evidence tends to prove that when the lease was made to Emma R. Wheeler, the large carriage door to the barn was in a very insecure condition, and that appellants, through one Warner, the manager of their renting department, verbally agreed with Mrs. Wheeler to put the premises in thorough repair. Nothing was done to improve the condition of the door, and on June 12, 1885, while the deceased, an expressman by occupation, was engaged in delivering a load of kindling in the barn for one of the parties living in the house, the door, weighing about 400 pounds, fell from its fastenings and injured him to such an extent that he died the next day.

Appellants make two points: 1. That the verdict is clearly against the weight of the evidence. 2. That they were the agents of the owner, Goodman, and liable to him only for any negligence attributable to them. There is nothing more than the ordinary conflict of evidence found in such cases, presenting a question of fact for the jury, and their finding must be respected by this court in deference to the well settled rule.

The other point is not so easily disposed of. An agent is liable to his principal only for mere breach of his contract, but even in the performance of the duties imposed upon him by contract with his principal, he must have due regard to the rights and safety of third persons. He can not in all cases find shelter behind his principal. If, in the course of his agency, he is intrusted with the operation of a dangerous machine, to guard himself from personal liability, he must use proper care in its management and supervision, so that others in the use of ordinary care will not suffer in life, limb or property. Swydam v. Moore, 8 Barb. 358; Phelps v. Wait, 30 N. Y. 78.

It is not his contract with the principal which exposes him to, or protects him from, liability to third persons, but his common law obligation to so use that which he controls as not

to injure another. That obligation is neither increased nor diminished by his entrance upon the duties of agency, nor can its breach be excused by the plea that his principal is chargeable. Delaney v. Rochereau, 34 La. An. 1123.

If the agent once actually undertakes and enters upon the execution of a particular work, it is his duty to use reasonable care in the manner of executing it, so as not to cause any injury to third persons which may be the natural consequence of his acts; and he can not, by abandoning its execution midway and leaving things in a dangerous condition, exempt himself from liability to a third person who suffers injury by reason of his having so left them without proper safeguard. Osborne v. Morgan, 130 Mass. 102.

A number of authorities charge the agent, in such cases, on the ground of misfeasance as distinguished from non-feasance. Mecham in his work on Agency, Sec. 572, says: " Some confusion has crept into certain cases from a failure to observe clearly the distinction between non-feasance and misfeasance. As has been seen, the agent is not liable to strangers for the injuries sustained by them because he did not undertake the performance of some duty which he owed to his principal and imposed upon him by his relation, which is non-feasance. Misfeasance may involve, also, to some extent, the idea of not doing; as where the agent, while engaged in the performance of his undertaking, does not do something which it was his duty to do, under the circumstances; does not take that precaution, does not exercise that care, which a due regard for the rights of others requires. All this is not doing; it is not the not doing of that which is imposed upon the agent merely by virtue of his relations, but of that which is imposed upon him by law as a responsible individual in common with all other members of society. It is the same not doing which constitutes actionable negligence in any relation." To the same effect are Lottman v. Barnett, 62 Mo. 159; Martin v. Benoist, 20 Ill. App. 263; Harriman v. Stowe, 57 Mo. 93; Bell v. Joselyn, 3 Gray, 309.

A case parallel to that now in hand is Campbell v. Portland Sugar Co., 62 Me. 552, where agents of the Portland Sugar

Company had the charge and management of the wharf belonging to the company, and rented the same to tenants, agreeing to keep it in repair. They allowed the covering to become old, worn and insecure, by means of which the plaintiff was injured. The court held the agents were equally responsible to the injured person with their principals.

Wharton in his work on Negligence, Sec. 535, insists that the distinction, in this class of cases, between non-feasance and misfeasance, can no longer be sustained; that the true doctrine is, that when an agent is employed to work on a. particular thing, and has surrendered the thing in question into the principal's hands, then the agent ceases to be liable to third persons for hurt received by them from such things, though the hurt is remotely due to the agent's negligence; the reason being that the causal relation between the agent and the person hurt is broken by the interposition of the principal, as a distinct center of legal responsibilities and duties, but that wherever there is no such interruption of causal connection, and the agent's negligence directly injures a stranger, the agent having liberty of action in respect to the injury, then such stranger can recover from the agent damages for the injury. The rule, whether as stated by Mechem or Wharton, is sufficient to charge appellants with damages under the circumstances disclosed in this record. They had the same control of the premises in question as the owner would have had if he had resided in Chicago and attended to his leasing and repairing. In that respect appellants remained in control of the premises until the door fell upon deceased. There was no interruption of the causal relation between them and the injured man; they were, in fact, for the time being, substituted in the place of the owner, so far as the control and management of the property was concerned. The principle that makes an independent contractor, to whose control premises upon which he is working are surrendered, liable for damages to strangers caused by his negligence, although he is at the time doing the work under contract with the owner (Wharton on Neg., Sec. 440), would seem to be sufficient to hold appellants. The owner of cattle who places them in the

hands of an agister is not liable for damages committed by them while they are under control of the agister. It is the possession and control of the cattle which fix the liability, and the law imposes upon the agister the duty to protect strangers from injury by them. Ward v. Brown, 64 Ill. 307; Osborn v. Adam, 70 Ill. 291.

When appellants rented the premises to Mrs. Wheeler in the dangerous condition shown by the evidence, they voluntarily set in motion an agency which, in the ordinary and natural course of events would expose persons entering the barn to personal injury. Use of the barn for the purposes for which it was used when the deceased came to his death, was one of its ordinary and appropriate uses, and might, by ordinary foresight, have been anticipated.

If the insecure condition of the door fastenings had arisen after the letting to Mrs. Wheeler, a different question would be presented, but as it existed before and at the time of the letting, the owner or persons in control are chargeable with the consequence. Gridley v. Bloomington, 68 Ill. 47; Tomle v. Hampton, Supreme Court of Illinois, Opinion filed at Ottawa, June 15, 1889. Neither error is well assigned, and the judgment is affirmed.

*Judgment affirmed.*