# HENRY BORMAN

## V.

# CHRISTINA SANDGREN.

*Landlord and Tenant—Negligence of Landlord—Personal Injury to Stranger.*

1.  A landlord is not responsible for personal injuries, caused by neglect to repair, when the defective condition of the premises arises during the tenancy.

2.  When premises are let without express covenants and for an indefinite time, the rent being paid monthly, in contemplation of law a new letting commences with each monthly term.

3.  In an action to recover from a landlord for personal injuries suffered by a stranger rightfully upon rented premises, he can not be held liable, unless he knew or might have known by the exercise of reasonable diligence of the dangerous condition thereof.

[Opinion filed June 30, 1890.]

APPEAL from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding.

Messrs. C. E. & G. D. ANTHONY and H. W. RICHARDSON, for appellant.

The general rule is that the tenant and not the landlord is liable for injuries occasioned from a failure to repair. The exceptions to this general rule are, first, when there is an express agreement on the part of the landlord to repair, and second, when he lets the premises with a nuisance upon them. Cleveland Co-operative Stove Co. v. Wheeler, 14 Ill. App. 118; City of Chicago v. O'Brennan, 65 Ill. 160; Gridley v. City of Bloomington, 68 Ill. 47; Reechenbacher v. Pahmeyer, 8 Ill. App. 218; Union Brass M. Co. v. Lindsey, 10 Ill. App. 583; Wood's Landlord and T., Vol. 2, pages 86, 854, 865.

Messrs. BLANKE & CHYTRAUS, for appellee.

Was the railing, the breaking of which caused the injury sustained by appellee, in a safe condition at the time of letting the premises to Mrs. Tillotson? Appellant tells us how the

Borman v. Sandgren.

premises were rented. He says: "I had no written leases with the tenants; the rents were collected monthly. The terms of Mrs. Tillotson's renting were, that she rented just as long as she liked to live there, and she paid her rent monthly." This created a tenancy from month to month. Wood's Landlord & Tenant, 90.

In such tenancy there is, at the commencement of every month, in contemplation of law, a new letting.

In Gandy v. Jubber, 5 Best and Smith, 78, the owner of a messuage and premises, attached to which was an area, let the same to a tenant from year to year, and died, having devised the property to the defendant, with an iron grating over the area improperly constructed and out of repair, so as to amount to a nuisance. Defendant, having no notice of the nuisance, suffered the tenant to remain upon the same terms as before, receiving rent. The wife of A sustained damages by reason of the dangerous condition of the grating. Compton, J.: "We have it upon authority that from the earliest times the owner of land, if occupier, was bound so to keep it as not to be a nuisance. * * * The owner ought not to be liable for subsequent nuisances which did not originate with himself, and which he can not prevent. For these, as long as the tenant is in possession, the owner is irresponsible. But it was held in Rosewell v. Prior, 2 Salk. 460, that if a man relets his land with a nuisance upon it he is responsible for such nuisance, notwithstanding the tenancy. * * * I think, therefore, that it is a sound principle of law that the owner of property receiving rent should be liable for a nuisance existing on the premises at the date of the demise; and this brings us to the important question in this case, viz., whether what took place was equivalent to a reletting, or, in other words, whether a landlord having the power of giving notice, and not exercising it, is to be held as thereby reletting? It seems to me that such would be equivalent to a reletting, * * * and for this Rex v. Pedly, 1 A. & E. 822, is an authority. There, Littledale, J., says, p. 827: 'If, after the reversion is purchased, the nuisance be erected by the occupier, the reversioner incurs no liability; yet, in such

case, if there were only a tenancy from year to year, or any short period, and the landlord chose to renew the tenancy after the tenant had erected the nuisance, that would make the landlord liable.' * * * The present case, then, seems to fall within the principle of that ruling of Littledale, J. The landlord receives rent under a yearly tenancy, and his permitting the tenant to remain in occupation year after year, without taking steps for the termination of the tenancy, is, I think, equivalent to a new letting at the termination of each year."

Upon the strength of this case the Supreme Court of Missouri held, that in a tenancy from month to month there is, at the commencement of every month, in contemplation of law, a new letting. Griffith v. Lewis, 17 Mo. Ap. 613. The same rule is laid down in Bishop on Non-contract Law, Sec. 858; Shearman & Redfield on Negl. (4th Ed.), Sec. 708; Wood's Landlord & Tenant, Sec. 539. Mrs. Tillotson's monthly term commenced an the 15th of October, 1887. A new letting to her commenced, then, on the 15th of April, 1888. The accident happened on the 16th of April of that year.

GARNETT, J. Appellee brought suit in this case for personal injuries sustained by her, on premises belonging to appellant. The property where the injury occurred is situated on Townsend street, in Chicago.

On the lot is a two-story house, the front of which stands about seven feet back of the inner line of the sidewalk. The lower story was rented by appellant to a Mrs. Larson, and the upper to Mrs. Tillotson. There were separate entrances for each story from the street, and between the two passage ways to the entrances was an excavation or area, about nine feet deep. Along the north line of the passage way to the upper story entrance, was a guard three feet high, built of a wooden rail and standards. The breaking of that rail on April 16, 1888, while appellee was taking her departure from the premises after a social visit to Mrs. Tillotson, is what caused appellee's fall into the area, and consequent injury.

Appellant denied his liability, for the reason, as he alleged,

that his tenant, Mrs. Tillotson, was in possession of the premises under a verbal lease to her made on October 15, 1887. The lease was for a month, at a specified rent for that time. When the month expired no new agreement was made, but the tenant continued to occupy the premises under circumstances which are admitted to have converted the tenancy into one from month to month, so that the relation could only be severed by proper notice given, either by the landlord or the tenant. Appellee contending that the lease was, in law, renewed the 15th day of each month after the original lease was made, directed her evidence to the defective condition of the guard rail on the day of the accident.

If it was rotten on that day the inference would be natural that it could not have been sound on the day before April 15th, when, as appellee insisted, the lease was renewed. Appellant, however, took the ground that there was but one lease, and that it was never renewed, but simply was not terminated. If appellant was right in that position, the evidence of the appellee should have been aimed at the condition of the rail on or before October 15, 1887, as the landlord is not responsible for such injuries caused by neglect to repair, when the defective condition of the premises arises during the tenancy. Tomle v. Hampton, 129 Ill. 379; Baird v. Shipman, 33 Ill. App. 503.

The trial judge solved the disputed question in appellee's favor by instructing the jury that "when premises are let without express covenants and for an indefinite time, the rent being paid monthly, then, in contemplation of law, a new letting commences with each monthly term." Appellant assigns error upon that instruction, but the authorities seem to support the ruling. Gandy v. Jubber, 5 Best & Smith, 78; Griffith v. Lewis, 17 Mo. App. 613; 2 Shearman & Redfield on Negl., Sec. 708; Wood's Landlord & Tenant, Sec. 539. At the plaintiff's request the court also instructed the jury that "when the owner of premises rents them in an unsafe or dangerous condition, whether this condition may be so from original faulty or defective construction or otherwise,

and an injury results by reason of such condition, to a third person, who may be rightfully upon the premises, without the fault of such person, such owner is liable for such injury." That makes the owner the insurer of the safety of third persons (not themselves guilty of neglect) who may be upon his rented premises, in all cases when they were in an unsafe or dangerous condition at the beginning of the term.

If this instruction is right, extraordinary vigilance and care would be no defense to the owner. Any hidden and undiscovered defect would be a menace to his fortune. Upon what principle this can be so is not even suggested by appellee's counsel. That so extreme a degree of danger attends the ownership of improved real property has never been held in any decided case, and can not be admitted. Even a common carrier of passengers for hire is only held to the highest degree of human care and foresight (Thompson's Carriers of Passengers 183), but appellant has been held liable for damages in this action, on the theory that he can not protect himself by human care and foresight. The instruction holds him guilty, even if he could not, by any process, have ascertained the supposed faulty condition of the rail. The rule that ordinarily applies to other persons in the use of their property, is the rule that applies here. The question is one of reasonable care. That is all the law requires of appellant, and appellee was bound to prove his neglect to use that degree of care, and that such neglect was the cause of the injury to her.

The landlord could not be charged with negligence unless he knew, or might by reasonable diligence have known, of the dangerous condition of the rail. A satisfactory case on this point is Edwards v. N. Y. & H. R. R. Co., 98 N. Y. 245. An expression in the opinion of Denman, J., in Gwinnell v. Eames, 10 Com. P. (L. R.) 658, referring to the close of the judgment in Todd v. Flight, 99 E. C. L. 377, might lead to the conclusion that actual knowledge is necessary to the liability of the landlord. It will be found, however, in the report of the case, on page 659, that the jury specially found that the owner was not to blame for not knowing the defective condition of

the premises, while Todd v. Flight simply holds that actual knowledge is sufficient to charge the owner.

We think the true rule is, that he is liable if he knows, or if his ignorance is attributable to want of reasonable diligence.

For the error noted the judgment is reversed and the cause remanded.

*Reversed and remanded.*