## Edward J. Eck v. Curtis Hocker.

1. TRESPASS BY STOCK—*Who is Liable for.*—The party in possession of stock, and who has control over them, is liable for damages done by them; but the owner, who pastures his stock in the field of another, is not liable to the party injured when they break into an adjoining field and do damage.

Transcript, from a justice of the peace. Appeal from the Circuit Court of Sangamon County; the Hon. OWEN P. THOMPSON, Judge, presiding. Heard in this court at the November term, 1897. Reversed and remanded. Opinion filed June 3, 1898.

GRAHAM & MILLER, attorneys for appellant.

CONNOLLY, MATHER & SNIGG, attorneys for appellee.

MR. JUSTICE BURROUGHS DELIVERED THE OPINION OF THE COURT.

This was a suit by the appellee against the appellant, which was tried by jury in the Circuit Court of Sangamon County, and resulted in a verdict and judgment against the appellant for $30.94, from which the appellant prosecutes an appeal to this court.

The appellant claims that the Circuit Court gave the jury, at the request of the appellee, improper instructions, and refused a proper instruction requested by the appellant; also that the verdict and judgment are contrary to the evidence.

The evidence in the record shows that in March, 1896, the farm on which the appellee resides was conveyed to his wife by one Benjamin McAtee. At that time one Kent owned and occupied an adjoining farm, which he sold and conveyed to the appellant about July 1, 1896, but reserved the right to, and did continue to occupy same until some time in November, 1896.

The appellee had a field of growing corn on his wife's said farm in July, 1896, and the fence dividing this field

from the farm purchased of Kent by the appellant, was in poor condition to keep out livestock. This fence was a division fence between these two farms under an agreement between said Kent and McAtee, each taking a part thereof to keep in repair.

There is a conflict in the evidence as to whether Kent remained in possession of the farm of the appellant after July 1st until in November as the agent of the appellant, or on his own account.

In July, 1896, nine head of hogs and a horse of the appellant that were on the said farm of the appellant, went through that part of this division fence which said Kent was to keep up, into the corn of the appellee and damaged it; and it was for this injury to the corn that the appellee sought to recover damages from the appellant in this suit.

The appellant contends that these hogs and this horse of his, from July 1, 1896 until November, 1896, had been left by him with Kent on said farm, to be pastured and taken care of by him for pay, and not as his agent; while the appellee contended that these animals were on the farm in Kent's possession as the agent of the appellant; and there was evidence tending to show the truth of both contentions.

If the jury believed from the evidence that the appellant was right in his contention, then the verdict should have been for him, while if they believed the appellee was right in his contention then the verdict should have been for him; hence it was important that the instructions should have been such as to inform the jury as to the law of the case correctly upon each of these contentions.

The Circuit Court gave to the jury at the request of the appellee, two instructions, both of which in effect, but in a different manner, told the jury that in case they believed from the evidence that the appellee and the appellant owned adjoining lands, and had a division fence between them, and that appellant's stock got through his part of this fence and damaged appellee's corn by reason of such part of the fence being insufficient, the appellee would be entitled to recover

therefor such damages as are shown by the evidence; but refused an instruction requested by the appellant to the effect that if the jury believed from the evidence that Kent reserved possession of the farm sold by him to the appellant until fall, and that he continued in possession thereof until a time subsequent to the damage done, and that appellant, when this damage was done, was merely having his stock pastured upon his farm, for a reward to be paid Kent, then, in that case, the appellant was not liable for the damage done by this stock.

These instructions given were well calculated to, and doubtless did, influence the jury in finding a verdict for the appellee.

If it was true, as contended by the appellant, that this stock of the appellant which damaged the corn of the appellee, was, at the time they did the damage, being agistered by Kent for the appellant, then unless the appellant had promised the appellee to pay him for this damage, the verdict and judgment is erroneous. Ward v. Brown, 64 Ill. 307; Ozburn v. Adams, 70 Ill. 291.

There was evidence tending to prove this latter contention, and yet these instructions given by the Circuit Court told the jury that on this question it was enough for them to find from the evidence that the stock was owned by the appellant to make him liable. This, we think, was prejudicial error; especially so since the court below refused appellant's instruction, which ought to have been given, as there was evidence tending to support it, and no other instructions given cured this error.

For the error of the Circuit Court in its rulings on the instructions, we reverse the judgment in this case and remand it for another trial.

Reversed and remanded.