KELLY v. ROBINSON et al.

(District Court, E. D. Missouri. January 31, 1920.)

No. 5031.

1. REMOVAL OF CAUSES ⊜⟶49(1)—JOINT OR SEVERAL LIABILITY OF DEFENDANTS DETERMINABLE BY LOCAL LAW.

In determining whether there is a separable controversy, which entitles one defendant to remove a cause, the question of joint or several liability of defendants is determinable by the local law.

2. PRINCIPAL AND AGENT ⊜⟶159(2)—AGENT NOT LIABLE TO THIRD PERSONS FOR NONFEASANCE.

An agent is not personally liable to a third person for nonfeasance, or a mere omission of duty in the course of his employment.

3. REMOVAL OF CAUSES ⊜⟶49(3)—ACTION AGAINST EMPLOYER AND SUPERINTENDENT NOT SEPARABLE CONTROVERSY.

The petition in an action for death of a miner, against the employer corporation and its superintendent and foreman, alleging negligent failure to furnish decedent a safe place to work, by an allegation that individual defendants were authorized and required to make and keep such place safe, held not to state a cause of action against them, and the cause held removable by the corporation defendant.

At Law. Action by Nellie Kelly against Robert H. Robinson, Lafayette J. Johnson, and the Federal Lead Company. On motion to remand to state court. Denied.

Safford & Marsalek, of St. Louis, Mo., for plaintiff.
Holland, Rutledge & Lashley, of St. Louis, Mo., for defendants.

⊜⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

FARIS, District Judge. Plaintiff's motion to remand is bottomed upon the fact that defendants Robinson and Johnson are citizens of the state of Missouri, of which state the plaintiff is likewise a citizen, and that there is lacking, therefore, that diversity of citizenship whereby jurisdiction of the case is conferred on this court. Defendant Federal Lead Company insists that the controversy is a separable one, and that the existence of a diversity of citizenship as between plaintiff and the corporate defendant (against whom alone, it is urged, a cause of action is stated in the petition) confers jurisdiction upon this court.

The question mooted must be resolved by resort to the allegations of the petition. Plaintiff sued in a state court for the alleged negligent killing of her husband, who came to his death, as it is averred, by reason of certain negligent omissions of duty owed by defendants to plaintiff's decedent. This negligence is set out in the petition thus:

"That * * * defendants herein, in the operation of said mine, negligently employed and provided an insufficient number of miners to inspect and keep safe the roof, or what is commonly known as the 'back,' of said mine, negligently caused and permitted loose, drummy roof or 'back' to be and remain in said mine, in shaft No. 4, stope C 345, above the point where Robert N. Kelly received the injuries herein alleged, and negligently caused and permitted Robert N. Kelly, in performing his duties to defendant Federal Lead Company, to be and remain in said mine, under said loose, drummy roof or 'back,' and defendants by said negligence directly and proximately caused the premises at and near the point where Robert N. Kelly received said injuries, when and for a long time before said injuries were received, to be and remain an unsafe and dangerous place to work, and defendants, by said negligence, on the day and year and in the county and state last aforesaid, directly and proximately caused and permitted the ground and rock of said roof or 'back' in said mine in which defendants were then engaged in mining lead, a valuable mineral, to fall upon and strike and injure and thereby kill said Robert N. Kelly, who was then in the employ of defendant Federal Lead Company, and acting within the scope of said employment."

The petition avers that defendants Robinson and Johnson, at the time plaintiff's decedent came to his death, were respectively superintendent of defendant Federal Lead Company's mines and one of the mine captains thereof, and as such, it is further averred, they were—

"*authorized and required to provide a sufficient number of competent miners to inspect and keep safe the roof, or what is commonly called the 'back' of said mine.*" (Italics are mine.)

As bearing upon the good faith of plaintiff in joining the individaul defendants, affidavits were filed both asserting and denying the financial responsibility of the latter to respond in damages to plaintiff. But in the last analysis the financial capacity of the individual defendants is of negligible value in determining the question now before the court. For obviously, if there is in fact a joint liability against both the corporate and individual defendants, the motive of the plaintiff in proceeding to enforce such liability becomes practically immaterial. Chicago, etc., Railway Co. v. Schwyhart, 227 U. S. 184, 33 Sup. Ct. 250, 57 L. Ed. 473. For if the individual defendants owed any duty to the plaintiff's decedent, which they negligently performed, they are properly joined, and this motion ought to be sustained, and the case remanded to the state court, whence it came.

[1] Stated in its ultimate terms, the duty alleged to have been neglected by defendants was that of furnishing plaintiff's decedent a safe place to work. It needs neither exposition, argument, nor citation upon the proposition that primarily it was the duty of the corporate defendant, and not that of the individual defendants, to provide for plaintiff's decedent such safe place to work. If such place was unsafe, or if it became unsafe, and was allowed to so remain by reason of the nonfeasance of the individual defendants, as contradistinguished from their misfeasance, such defendants would not be liable to the plaintiff. Whether the duty alleged to have been neglected by the individual defendants was so neglected by misfeasance, or mere nonfeasance, is then the decisive question raised by the motion to remand. This question is to be resolved by a reference of the fact of liability vel non to the decisions of the state court of last resort, and not to the decisions of the federal courts. Chesapeake & O. R. R. Co. v. Cockrell, 232 U. S. 146, 34 Sup. Ct. 278, 58 L. Ed. 544; Chicago, etc., Ry. Co. v. Dowell, 229 U. S. 102, 33 Sup. Ct. 684, 57 L. Ed. 1090.

[2] The ground of negligence upon which recovery is sought against all the defendants is, I repeat, the alleged failure of defendants to furnish to plaintiff's decedent a safe place to work. But this duty under the law was not owed to decedent by the individual defendants, who were merely the agents of the corporate defendant. This duty was owed to decedent by the defendant Federal Lead Company alone, and if this corporate defendant failed in discharging its duty, it alone can be sued. Whether in case of dereliction the individual defendants, as servants and agents of the corporate defendant, might or might not be liable to the latter, if the latter by the default of the former be mulcted in damages, I need not pause to inquire. Ordinarily, the liability of a servant or agent of the master or principal for a tort arising in the master's business is to be tested upon the question whether the injury accrued from negligence of the servant or agent sounding in misfeasance or nonfeasance. Steinhauser v. Spraul, 127 Mo. 541, 28 S. W. 620, 30 S. W. 102, 27 L. R. A. 441; Harriman v. Stowe, 57 Mo. 93. An agent is liable to him who is injured by a tort or wrong done by such agent in the scope of his employment, if such injury is the result of the misfeasance or the positive wrong of the agent, as contradistinguished from mere nonfeasance or omission of duty. Tersely expressed the rule is that:

"An agent is personally liable to third parties for doing something which he ought not to have done; but he is not liable for not doing something which he ought to have done." Elwell's Evans on Agency, 438.

The learned observations of Mr. Story in his valuable work on the Law of Agency (Story on Agency [9th Ed.] § 308) seem most accurately to set forth the law on this question. Upon this precise point Mr. Story said this:

"We come, in the next place, to the consideration of the liability of agents to third persons, in regard to torts or wrongs done by them in the course of their agency. * * * And here the distinction ordinarily taken is between acts of misfeasance or positive wrongs and nonfeasances or mere omissions of duty by private agents. * * * The master is always liable to third persons for the misfeasances and negligences and omissions of duty of his

servant, in all cases within the scope of his employment. So the principal, in like manner, is liable to third persons for the like misfeasances, negligences, and omissions of duty of his agent, leaving him to his remedy over against the agent in all cases, where the tort is of such a nature as that he is entitled to compensation. * * * The agent is also personally liable to third persons for his own misfeasances and positive wrongs. But he is not * * * liable to third persons for his own nonfeasances or omissions of duty, in the course of his employment. His liability, in these latter cases, is solely to his principal."

The above excerpt was quoted with approval by Judge Sherwood in the case of Steinhauser v. Spraul, supra, which case is the latest utterance of the Supreme Court of Missouri which I have been able to find upon this subject. Substantially, however, what was said by Judge Sherwood in the Steinhauser Case only reiterated what had theretofore been said by the Supreme Court of Missouri in an early case. Harriman v. Stowe, 57 Mo. 93.

Applying to the allegations of plaintiff's petition the test of misfeasance or nonfeasance connoted by the rule above quoted, it seems plain that defendants Robinson and Johnson were, as to plaintiff's decedent, guilty of a mere omission of duty. These defendants were authorized and required to employ a sufficient number of competent miners to inspect and keep safe the roof of the mine. Having thus pleaded the incumbent duties resting upon the individual defendants plaintiff thereupon avers that the defendants (which of course includes the individual defendants) "negligently employed and provided an insufficient number of miners to inspect the roof of said mine," so that the place where decedent was compelled to work became and remained "an unsafe and dangerous place to work" and by this negligence it is averred decedent came to his death.

[3] In the light of these averments in the petition it is, I think, too plain for argument that the charge here against the individual defendants is merely a charge of a failure, or omission to perform an incumbent duty; that is, a charge of nonfeasance of duty and not misfeasance or wrong performance of such duty. If this view of the fact be correct, then there is no liability in favor of the plaintiff as against the individual defendants. Therefore the case presented is one of a separable controversy, and since, as between plaintiff and the corporate defendant against which a cause of action is pleaded in the petition, diversity of citizenship exists, this court has jurisdiction.

It follows that the motion to remand ought to be overruled. Let this be done.