NATHANIEL S. PIERCE

v.

JULIA ANN MILLAY, by her next friend, etc.

1. PARENT AND CHILD. In an action of trespass to recover for personal injuries to a child, the alleged trespass being the placing of the child, by the defendant, in a buggy and driving off with her, when the horse took fright and ran away, throwing out the child and causing the injury complained of, the defendant set up the permission of the mother to take the child : *Held*, the plea, which merely alleged the permission of the mother, without averring any authority or circumstance implying an authority on the part of the mother to give such permission, was defective, as the mother, as such, is entitled to no disposing power over the person of the child, the father being the person entitled by law to the custody of his child.

2. INSTRUCTION. Where the court, in modifying an instruction asked by the defendant, merely employed the language of the defendant used in another of his instructions, it was *held*, although the instruction as thus given was erroneous, the defendant could not be allowed to complain.

APPEAL from the Circuit Court of La Salle County; the Hon. EDWIN S. LELAND, Judge, presiding.

Messrs. BLANCHARD & SILVER, for the appellant.

Messrs. STIPP, BOWEN & SHEPHERD, and Mr. H. K. BOYLE, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court :

This case has been in this court once before—*Pierce* v. *Millay*, 44 Ill. 189.

The right of recovery was then recognized, and the judgment was reversed, on the ground alone that the damages were excessive.

Another trial has been had, resulting in a judgment for the plaintiff for $1,000 dollars damages—the former verdict having been for $4,000.

The evidence upon the last trial does not appear to have been essentially different from what it was on the former one, and we can not say that it does not justify a verdict

for the plaintiff; and the damages now recovered are reduced so largely in amount from the former recovery that we do not feel warranted in disturbing the present finding as to the amount of damages.

It is objected that a demurrer was sustained to the defendant's third additional plea, which was filed in the cause after it was remanded to the court below. This plea sets up the permission of the mother to take the child.

It is defective in merely alleging such permission of the mother, without more; not averring any authority, or circumstances implying an authority, to give such permission. The father is the person entitled by law to the custody of his child.

A mother, as such, is entitled to no disposing power over the person of the child. 1 Black. Com. 453.

We perceive no error in giving instructions for the plaintiff.

It is urged that the court erred in so modifying instructions asked by the defendant, as to declare the law to be, that an action will lie against the husband alone, for the sole trespass of the wife during coverture. Although the defendant should not have been sued alone for a trespass by his wife, unless committed under his direction, express or implied, yet the court only adopted in its modifications in this respect, the language employed by the defendant himself in his second instruction, and he should not be admitted to complain of it as erroneous.

Other qualifications, as well as refusal of instructions for the defendant, are assigned as error, which we have carefully considered, and regard the ruling of the court to have been substantially correct. The instructions given on the part of the defendant declared the law of the case as applicable to the defense very fully and fairly, leaving to the defendant no just ground of complaint on that score.

The judgment of the court below must be affirmed.

*Judgment affirmed.*