SWIFT & CO.

*v.*

VINCENTZ RUTKOWSKI.

*Filed at Ottawa June 8, 1897.*

1. MASTER AND SERVANT—*servant remaining in service after discovering danger assumes risk.* A servant cannot recover from the master for an injury alleged to have been received by reason of the master's failure to employ sufficient help to render the servant's employment reasonably safe, where the servant, after discovering the danger, remains in service without objection until he is injured.

2. INSTRUCTION—*where the evidence is doubtful, instructions must be accurate.* Where the evidence upon which a recovery is asked is slight or doubtful the instructions to the jury on questions of law must be accurate, and the giving of an erroneous instruction likely to mislead the jury will work reversal.

*Swift & Co. v. Rutkowski,* 67 Ill. App. 209, reversed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. PHILIP STEIN, Judge, presiding.

This was an action brought by appellee, against Swift & Co., to recover for a personal injury received while in the employ of the defendant at its packing house at the Union Stock Yards in Chicago. The original declaration was filed on February 24, 1893, and on January 28, 1896, plaintiff filed two additional counts. At the close of plaintiff's evidence he abandoned his original declaration and the first additional count, and sought to recover upon the second additional count only, which was in substance as follows:

"For that whereas also, heretofore, to-wit, on or about the 30th day of June, 1892, the defendant, Swift & Co., was engaged in the business of slaughtering cattle and preparing and dressing such slaughtered cattle and selling the same as dressed beef, and for that purpose was, on the day aforesaid, possessed of and using certain build-

ings and premises known as 'Swift's Packing House,' and located at the stock yards in the city of Chicago, county of Cook and State of Illinois.    Plaintiff further avers, that on the day aforesaid the defendant had hired and employed, for a reward, divers persons, who were then and there working in and about said packing house, engaged in the slaughtering of cattle and dressing of beef for the defendant, among whom was the plaintiff, and the plaintiff, on the day aforesaid, was hired by the defendant to cut tallow from and trim the paunches of the cattle so slaughtered as aforesaid, and the plaintiff was, on the day aforesaid, a minor of tender years, to-wit, of the age of fourteen years.    Plaintiff further avers, that by means of the premises it then and there became and was the duty of the defendant to use due care and diligence in and about the employment of its servants, so as to employ a sufficient number of servants in and about the slaughtering and dressing of the said cattle, so that, by reason thereof, the said work of the plaintiff would be free from danger to himself while in the performance thereof, using all due care and dilgence on his own behalf; nevertheless, the defendant, not regarding its duty in that behalf, on the day aforesaid, so carelessly, negligently and unskillfully failed to employ a sufficient number of servants in and about the slaughtering and dressing of said cattle, that by reason thereof, on the day aforesaid, whilst the said plaintiff was performing his duties as aforesaid, and using all due care and diligence in his own behalf, a certain carcass of beef so being dressed as aforesaid struck the plaintiff, thereby causing a certain knife with which the plaintiff was then and there working, to cut the muscles and tendons in the left arm of the plaintiff at or near the elbow, and then and there the plaintiff became and was greatly bruised and wounded," etc.

It appears from the record that appellee was fourteen years of age on the day he was injured.    He had been employed in the packing house for about one month,

trimming pecks.   A "peck" is a part of the stomach, and boys between twelve and fourteen years were employed to do that work.   For the first two weeks of appellee's employment three boys were trimming pecks.   For the next two weeks two boys, one of whom was the appellee, trimmed the pecks until about two hours before appellee's injury, when appellee was required to do the work alone.   It is claimed by the appellee that about three hours before he was hurt the other boy trimming pecks was taken away by appellant and appellee was left alone; that working alone he could not and did not keep up the work and gradually fell behind, until, while doing his work, and in the usual stooping position, he was struck in the back by a carcass of beef which was being hoisted from the floor onto a hoist, and a knife held by appellee in his right hand was driven into his left arm.   On the other hand, it is claimed by appellant that it was guilty of no negligence, and plaintiff's injury was the result of a want of ordinary care on his part.

JOHN A. POST, and JOHN B. BRADY, for appellant.

E. S. CUMMINGS, for appellee.

Mr. JUSTICE CRAIG delivered the opinion of the court:

Upon the request of the plaintiff the court gave to the jury the following instruction:

2. "The court instructs the jury that it was the duty of the defendant to exercise reasonable care and diligence to employ a sufficient number of servants in and about the work in which the plaintiff was engaged, to render the performance of the work by the plaintiff reasonably safe; and if the jury believe, from the evidence, that the defendant failed to exercise such reasonable care and diligence, and negligently failed to employ a sufficient number of workmen so as to render the performance of the work by the plaintiff reasonably safe, and that by reason of its negligence, if any, in that respect, the plain-

tiff was injured, and that before and at the time of the injury he was exercising reasonable care and caution for his safety, as charged in the declaration, your verdict should be for the plaintiff."

This instruction was erroneous and well calculated to mislead the jury. We are not aware of any well considered case where it has been held that the servant who is in the exercise of reasonable care and caution may recover from the master upon the ground alone that the master has failed to furnish a sufficient supply of help, and yet the jury were so informed by this instruction. The law requires the employer to use reasonable care and diligence in providing suitable and safe machinery and appliances for the use of those engaged in his service, but if the employer fails in this regard, when the employee discovers that the machinery or appliances are unfit for use, or dangerous or insufficient, it is his duty to quit the service of the employer, but if he remains he does so at his own risk. So in this case. If it was the duty of appellant to employ more help in order to render the performance of the labor appellee was employed to perform reasonably safe, and appellant failed in that duty, when that fact was discovered by appellee it was his duty to quit appellant's service, but if he remained he did so at his own risk. But, entirely ignoring the duty imposed upon appellee in this regard, the jury were in substance directed that he might recover if he was in the exercise of reasonable care and appellant had failed to furnish a sufficient number of workmen.

It is not claimed in the argument that the instruction lays down a correct rule of law for the control of the jury, but it is said if the instruction was bad the error was cured by instruction No. 12, given on behalf of the defendant, which, it is claimed, is almost identical with plaintiff's instruction. Instruction No. 12 is as follows:

"The court instructs the jury, that although Rutkowski was injured, while at work for the defendant, in the

manner alleged in the declaration, that of itself, and by itself alone, is not sufficient to charge Swift & Co. with liability for his injury. Before Swift & Co. can be charged with liability in that regard two things must be established by the evidence: First, that Swift & Co. was guilty of negligence as charged in the declaration; and second, that Rutkowski was, at and just before the time of the injury, exercising ordinary care for his own safety, as herein defined."

It is no doubt true that a party cannot complain of an instruction where he has procured a like instruction to be given by the court. (*Pierce* v. *Millay*, 62 Ill. 133.) There is a similarity between the two instructions, but we do not regard the one so near like the other as to fall within the rule indicated. Upon a close examination it will be found that defendant's instruction is not identical with nor is it substantially like plaintiff's. The plaintiff's instruction directed the jury, if they found certain facts, to find a verdict for the plaintiff, while defendant's does not direct a finding either way. Plaintiff's is mandatory, while defendant's is directory. Moreover, the defendant's instruction is one of a series, and when considered in connection with the others given for the defendant it is apparent that the defendant is not committed to the doctrine announced in plaintiff's instruction, that plaintiff did not assume the risks of the employment after notice of its danger. Defendant's instructions Nos. 15 and 16 are as follows:

15. "The court instructs you, that if there be risk or danger, and that such risk or danger is patent and obvious to the employee, no notice thereof is necessary.

16. "The court instructs you, that an employee is held to take the risk of all such dangers as are known to and understood by such employee."

From these instructions it seems apparent that the defendant had had no intention of giving sanction or approval to the doctrine announced in plaintiff's instruc-

tion, and we do not think appellant should be concluded from calling in question plaintiff's erroneous instruction.

Had the evidence of plaintiff established a clear right of recovery we might have hesitated about reversing on account of the erroneous instruction. But such was not the case. Indeed, the Appellate Court, whose peculiar province it is to review the evidence and pass upon questions of fact in all cases, in the first opinion rendered in this case, said: "The evidence in this case was not sufficient to warrant a verdict upon the counts charging negligence in failing to employ a sufficient number of men." Where the evidence upon which a recovery is asked is slight or doubtful, the instructions to the jury on questions of law should be accurate.

For the error indicated the judgments of the Superior and Appellate Courts will be reversed and the cause will be remanded.           *Reversed and remanded.*