# CASES

IN THE

# APPELLATE COURTS OF ILLINOIS.

## FOURTH DISTRICT—FEBRUARY TERM, 1903.

### Donk Brothers Coal and Coke Co. v. Elias Leavitt, Adm'r.

1. INFANTS—*Position of Child Less than Three Years of Age.*—Before the law a child of less than three years of age can not of its own volition acquire the status of being either a trespasser, a visitor, or a licensee, nor has the mother, or father, or any other custodian of the child, power to fix its status before the law, when the rights of the child itself are concerned.

2. IMPUTED NEGLIGENCE—*Doctrine Repudiated in This State.*—The doctrine of imputed negligence has been repudiated in this State.

3. ACTIONS—*For Death from Negligent Act Grounded upon Deceased Person's Own Rights.*—The action given by Chapter 70, Section 1, R. S., is grounded upon the deceased's own rights.

4. SAME—*Brought for Benefit of Father and Mother—Negligence of Mother Alone Does Not Preclude Father's Recovery.*—Where the statute gives the benefit of an action to the father and mother of a deceased child, the right of the father to recover is not affected by the negligence of his wife, to which he is not a party. The wife's negligence in the case can only be considered in determining the amount of the damages.

5. SAME—*Where an Injury Proceeds from Two Causes Operating Together.*—Where an injury proceeds from two causes operating together the party putting in motion one of them is liable the same as though it were the sole cause.

6. ATTRACTIVE NUISANCES—*Recognized by the Law of This State.*—The law of this state recognizes the " attractive nuisance " doctrine, so far as children are concerned, whether they are of sufficient age to have some degree of discretion or not, and the consequent duty of a party to guard such structures or agencies that no harm shall come to those who are physically and mentally incapable of taking care of themselves.

7. SAME—*Whether Premises Are, is a Question of Fact.*—Whether

386 APPELLATE COURTS OF ILLINOIS.

VOL. 109.] Donk Bros. Coal & Coke Co. v. Leavitt.

or not the premises are sufficiently attractive to entice children into danger and to suggest to the defendant the probability of the accident are matters to be determined by the jury.

8. INSTRUCTIONS—*Party May Not Complain of His Own.*—A party may not complain of an instruction given at his instance.

9. LANDLORD AND TENANT—*Where New Letting Commences at Beginning of Each Month.*—Where a tenant in possession of premises is a tenant from month to month, there is in contemplation of law a new letting at the beginning of every month, even though the origin of the tenancy commenced months back.

10. SAME—*Landlord Letting Premises with a Dangerous Place in Them is Liable.*—When the landlord lets the premises to a tenant with a dangerous place in them, he remains liable.

11. PARENT AND CHILD—*Father Natural Guardian of Child.*—The father is the natural guardian of his child; the mother, as such, is entitled to no disposing power over the person of the child.

12. HUSBAND AND WIFE—*Marital Relation Itself No Proof of Agency.*—The marital relation in and of itself is no proof of agency or legal identity between husband and wife.

**Trespass on the Case.**—Death from negligent act. Appeal from the City Court of East St. Louis; the Hon. SILAS COOK. Judge presiding. Heard in this court at the February term, 1903. Affirmed. Opinion filed June 15, 1903.

Appellant brings this appeal to reverse a judgment for $1,750. The action is case, for maintaining on appellant's premises a cistern filled with water, in which appellee's child, less than three years of age, was drowned, the *locus in quo* being unfenced and unguarded. At the close of plaintiff's evidence, appellant asked a peremptory instruction to direct the jury to find the issues for the defendant. This request was refused. No evidence was presented by the defendant.

The facts are all practically admitted and are as follows: Appellant is in the business of mining coal at Donkville, in Madison county. Some fifty houses are located about the place, all erected and owned by appellant. They are built in rows, with streets between them; there were twelve houses in the row where the accident occurred, the distance between each house being from twenty to twenty-five feet. There were no fences between the houses, nor at any other place around them. Back of each house cisterns had been

constructed, which were covered with wooden platforms, nearly on a level with the ground. Each cistern had a cover which rested on cleats nailed to the lower surface of the platforms, thereby forming a rabbet, affording support for the lid which covered the opening in the platform. The lid had a handle attached to the upper surface, used in opening and closing the cistern. The size of the opening covered by the lid was about sixteen by nineteen inches. The accident happened on the 13th of September, 1901, on premises rented by the month from appellant by one Morrell, who was in the employ of appellant; the exact day of the beginning of the tenancy being left undetermined by the evidence; but the evidence shows that the cistern, the platform and the lid were in about the same condition on the day of the accident that they were when first constructed.

On the day mentioned Mrs. Leavitt, the mother of the child and the wife of appellee, left her home in another house belonging to appellant, and went some three or four houses distant to visit Mrs. Morrell and do some sewing on a machine. She took the child with her. It was about five o'clock in the afternoon and the weather was warm and pleasant. The child was permitted to remain out of doors, playing around the house and back of it, where the cistern was located. After being in the house a short time, the mother looked for the child and found it playing between Morrell's house and the adjoining premises and asked Mrs. Morrell whether the cistern was covered. Being assured by her that it was, she went into the house, leaving the child at play. After a time, fixed by Mrs. Leavitt to be " not five minutes," she again looked for the child and was unable to find her. After a twenty minutes' search they found the child and the lid in the cistern, which was located about six feet north of the back of the house. There was a sidewalk leading from the back door of the house to the cistern and the walk was connected with the platform, though a little below the top of it, which was about four inches above the surface of the ground, Mr. Morrell having raised the platform by placing brick underneath to steady

388    APPELLATE COURTS OF ILLINOIS.

VOL. 109.]    Donk Bros. Coal & Coke Co. v. Leavitt.

the structure. The evidence further shows that children of various ages were in the habit of playing about these houses. Appellee was not present at the time of the accident, but was at work in the mines of appellant.

Thomas Morrell testified, without objection, that he had notified appellant's general manager that the cistern was not safe and that he ought to put a pump in it.

On this state of facts appellant contends that appellee's intestate was a mere visitor of one of its tenants and therefore it owed the child no duty in reference to the condition of the premises; that these were in the occupancy of a tenant and that the evidence fails to show there was any covenant to keep them in any particular condition; that the mother was contributorily negligent in reference to the care she took of the child, she being aware of the exact condition of the cistern and platform.

FORMAN & BROWNING, attorneys for appellant.

F. C. SMITH and M. MILLARD, attorneys for appellee.

MR. PRESIDING JUSTICE BIGELOW delivered the opinion of the court.

That the Supreme Court of this state has gone farther with reference to placing duties upon owners and occupants of dangerous premises, when children *non sui juris* are involved, than the decisions of many courts will warrant, is admitted by both the court itself and by text writers. City of Pekin v. McMahon, 154 Ill. 141; Siddall v. Jansen, 168 Ill. 43; 1 Thompson's Commentaries on Law of Negligence, Secs. 1030–1037. No court has held that a child less than three years of age is anything in the eye of the law except *non sui juris*, or even that the capacity of a child of that age with reference to matters of care or negligence, should be submitted to a jury. See the same volume of Thompson's work above quoted, Sec. 310. Before the law, a child of such tender age can not of its own volition acquire the status of being either a trespasser, a visitor or a licensee, nor are we referred to any authority which gives

the mother, or father, or any other custodian of the child, power to fix its status before the law, when the rights of the child itself are concerned. The doctrine of imputed negligence has been repudiated in this state. Chicago City Railway Company v. Wilcox, 138 Ill. 370.

The cause of action in this case is grounded upon the child's own rights; for the action is given, "whenever the death of a person shall be caused by wrongful act, neglect or default, and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof." Chapter 70, Sec. 1, Starr & Curtis' Statutes.

The evidence in this case, particularly since appellant offered no evidence to the contrary, justifies the conclusion that appellant knew children were in the habit of making the *locus in quo* a playground; that the natural instincts of the child caused it to lift the cover by means of the projecting handle, from its place in the platform, to discover what might be hidden thereunder. It is common knowledge that in this way the curiosity of children becomes satisfied and they begin to learn of objects which surround them. In such state of the proof, the allegation of the declaration that the place "was a dangerous structure to children of tender years who might be attracted thereto," was fully proven, and the submission of that issue of fact to the jury by appellee's instructions was fully justified by the law as laid down in the cases heretofore cited from the Supreme Court of this state.

"The question whether a defendant has or has not been guilty of negligence, in a case of such an accident upon his land to a child of tender years, is for the jury. Involved in this question is the further question whether or not the premises were sufficiently attractive to entice children into danger and to suggest to the defendant the probability of the accident; and therefore such further question is also a matter to be determined by a jury." City of Pekin v. McMahon, *supra.*

The law of this state recognizes the "attractive nuisance"

390    APPELLATE COURTS OF ILLINOIS.

VOL. 109.]    Donk Bros. Coal & Coke Co. v. Leavitt.

doctrine, so far as children are concerned, whether they are of sufficient age to have some degree of discretion or not, and the consequent duty of defendants to guard such structures or agencies that no harm shall come to those who are physically and mentally incapable of taking care of themselves.

As to the next contention made, that the premises were in the possession of the tenant, Morrell, the evidence is clear that the cistern and platform, with the cover thereon, were in the same condition substantially on the day of the accident as they were when appellant let the premises to Morrell; he being, by appellant's own statement of fact in its brief, a tenant from month to month, there was in in contemplation of law a new letting at the beginning of every month, even though the origin of the tenancy commenced months back. Borman v. Sandgren, 37 Ill. App. 160. Whatever the condition of the cistern and platform was, on the day of the injury, the evidence justifies the inference that it was the same at the beginning of Morrell's tenancy for the current month as it was at the time of the accident. When the landlord lets the premises to a tenant with a dangerous place in them, he remains liable. Gibson v. Leonard, 37 Ill. App. 344; Baird v. Shipman, 132 Ill. 16.

The question of Mrs. Leavitt's contributory negligence and its effect remains to be disposed of. She knew the location of the cistern, as well as the appellant, and she also knew the manner of its structure. She knew as well as appellant that the cistern was a dangerous place to her child, should it be led by its childish instincts to investigate the *locus in quo*, and we think she knew better than appellant whether her child possessed that instinct. There is much force in the contention that Mrs. Leavitt was guilty of contributory negligence in allowing her child to remain in the yard at play after she saw it between the houses " at the other side of the cistern." But in view of the reasoning of the Supreme Court in the City of Chicago v. Hesing, 83 Ill. 204, we are not pre-

pared to say that the jury was wrong in refusing to find that Mrs. Leavitt was guilty of contributory negligence. But if it should be admitted that she was contributorily negligent, it by no means follows that there can be no recovery. The action is brought for the benefit of the father as well as for the benefit of the mother, as the statute and the decisions of the Supreme Court in the interpretation thereof provide. (See section 2 of statute above quoted.) Appellee, the father, was not present. His absence was in the discharge of duties which he owed to his wife and child no less than toward appellant. There is no way of charging him with evidence even tending to prove his contributory negligence. He does not derive his right in the premises through the acts or omissions of his wife, but through the rights of his child and the negligence of appellant. This precise question has been determined by the Supreme Court of Ohio, in the case of Cleveland, C. & C. R. R. Co. v. Crawford, 24 O. St. 631. See also Wolf v. Lake Erie & W. Ry. Co., 55 O. St. 517.

If it should be admitted that the mother's contributory negligence is a bar to her recovery, such fact can only be considered in determining the amount of damages. The action of the administrator can not, on well settled legal principles, be barred, so long as there are beneficiaries under the statute who are without fault. See Wolf case, 55 O. St. 534. When an injury proceeds from two causes operating together, the party putting in motion one of them is liable, the same as though it were the sole cause. Bishop's Non-Contract Law, Secs. 39, 450, 453. Appellant did not by its instructions present the theory that the right of recovery was limited to the father; on the contrary appellant's thirteenth instruction stated the measure of recovery to be " the pecuniary loss sustained by the parents, by reason of the death of the child," being the same measure of damages which appellee's instruction called for. It is plain that the term " parents " includes both the one at fault, if fault there be, and the one without fault. If the law of damages is too broadly given, it was of appellant's

392    APPELLATE COURTS OF ILLINOIS.

VOL. 109.]    Donk Bros. Coal & Coke Co. v. Leavitt.

own making, and under numerous decisions of the Supreme Court and of this court, it can not be heard to complain. It is not assigned as error, much less argued, that the damages are excessive; a mere conjecture that there may be error is insufficient to cause us to review the verdict on that ground. The expressions found in Chicago & Alton R. R. Co. v. Logue, 158 Ill. 621, and in Chicago City Ry. Co. v. Wilcox, 138 Ill. 370, to the effect that where the "parents" have been guilty of negligence in caring for the child, there could be no recovery, were not meant, we think, to bar such beneficiaries under the statute as have not themselves been guilty of negligence. To so hold would be to say that, no matter how numerous the "next of kin" may be, if one of them is guilty of negligence, others in no way concerned should suffer for the acts of that one.

The expressions found in those cases were not necessary to a determination of the question before us; furthermore, in the Logue case it was found that there was no contributory negligence on the part of the parents, and the Wilcox case was not a case of death by wrongful act at all; the child itself was plaintiff. Had the precise point been presented, the court would in all probability have limited the language to the negligent parent. The father is the natural guardian of his child; "the mother, as such, is entitled to no disposing power over the person of the child." Pierce v. Millay, 62 Ill. 133. The marital relation in and of itself is no proof of agency or legal identity between husband and wife. For views of a somewhat similar trend, see Atlanta, etc., R. R. Co. v. Gravitt, 93 Ga. 369.

Appellant complains of the ninth instruction given at the instance of appellee, that it authorizes a recovery even though the child was not attracted to the cistern, as alleged in the declaration. We have carefully examined the instruction in reference to this point, but we fail to see that such fact was not submitted to the jury hypothetically.

The nineteenth instruction requested by appellant, which the court refused to give, is a statement of the law, in its relation between appellant and its tenant, Morrell; it has

no bearing on the issues of this case. The child's right of recovery, which is the groundwork of this action, is not to be measured by Morrell's right of recovery if the accident had happened to him. The instruction is a mere covert argument when applied to an infant's cause of action.

We find no error in the record demanding a reversal of the judgment; it is therefore affirmed.