Illinois Terra Cotta Lumber Company v. Martin J. Hanley.

Gen. No. 11,494.

1. DECLARATION—*how, regarded upon motion in arrest.* On motion in arrest the court will intend that every material fact alleged in the declaration, or fairly and reasonably inferable from what is alleged, was proved at the trial; and if from the issue, the fact omitted and fairly inferable from the facts stated in the declaration may fairly be presumed to have been proved, the judgment will not be arrested.

2. DECLARATION—*when, good after verdict.* The failure of the declaration to allege that the breaking and collapse of the scaffold which caused the injury was the result of its defective condition, cannot be availed of on motion in arrest.

3. SCAFFOLD—*duty of master erecting.* Where the master constructs a scaffold, he is bound to use reasonable care to make it reasonably safe.

4. SCAFFOLD—*when servant using, not per se guilty of negligence.* A servant, in the absence of patent defects, is not guilty *per se* of negligence solely because he goes to work at the place provided for and pointed out to him by the master, without first examining that place for possible defects.

5. INSTRUCTION—*approved form of, as to right of recovery.* An instruction as follows : "If the jury believe from all the evidence and under the instructions of the court that the plaintiff has made out his case as laid in his declaration or any count thereof, they must find for the plaintiff," is approved, notwithstanding the declaration did not directly refer to one of the issues in the case, namely, as to whether the plaintiff had assumed the risk.

6. INSTRUCTION—*approved form of, as to right of recovery.* An instruction as follows : "If the jury believe from the evidence that the plaintiff, while in the exercise of ordinary care, was injured by or in consequence of the negligence of the defendant, as charged in his declaration or any count thereof, then you can find the defendant guilty," is approved.

7. INSTRUCTION—*when refusal of, not improper.* Where the substance of an instruction refused is contained in another given, the refusal of such instruction cannot be urged as error.

8. INSTRUCTION—*right of court to refuse, which contains abstract proposition of law.* It is not error for the court to refuse an instruction which merely states an abstract proposition of law, notwithstanding it may in the abstract be correct.

Action on the case for personal injuries. Appeal from the Circuit Court of Cook County; the Hon. LESLIE D. PUTERBAUGH, Judge, presiding. Heard in this court at the October term, 1903. Affirmed. Opinion filed October 4, 1904. Rehearing denied October 17, 1904.

F. J. CANTY and R. W. IRWIN, for appellant.

EDWARD R. LITZINGER, for appellee; CHARLES L. MAHONY, of counsel.

MR. JUSTICE BALL delivered the opinion of the court.

Appellee was in the employ of appellant as a common laborer. The latter was engaged in the construction of a ten-story steel frame building in the city of Chicago. The frame was up and most of the floors were laid at the time of the accident, but the space where the ninth floor would be was still open. The frame was built in sections about sixteen feet square, at the corners of each of which were upright steel columns supporting the building. In the holes in these columns, intended for the insertion of "I" beams to support the ninth floor, wooden stringers were placed, and upon these stringers were laid the boards which formed the scaffolds. December 19, 1900, appellee and an-

Illinois Terra Cotta Lumber Co. v. Hanley.

other laborer were sent by the foreman of appellant to one of these scaffolds to take centers and circles down from the floor above. As soon as these circles and centers were landed on the scaffold they were carried away by other men. Appellee did not help to build this scaffold, nor did he examine it when he was ordered to it, but went at once to work thereon under the directions given him. While thus engaged one of the stringers supporting this scaffold broke in the center, thus permitting the entire scaffold to fall to the floor below, carrying appellee with it, and thereby causing the injuries of which he complains.

The trial resulted in a verdict against the defendant, assessing plaintiff's damages at the sum of $1,500. From the judgment entered upon that verdict this appeal was taken.

It is contended by appellant that the first count of the declaration does not state a cause of action. It reads: " That on the 19th day of December, 1900, the defendant negligently, improperly and carelessly caused said scaffold to be carelessly and negligently constructed and remain in such improper and unsafe condition; and while plaintiff was then and there working as such laborer and using due care and caution for his own safety, the said scaffold then and there broke and collapsed, by means whereof the plaintiff was injured," etc. Appellant did not demur to this count, but filed the general issue and went to trial. Under section 6 of the act, " Amendments and Jeofails," a judgment cannot be arrested for any mispleading or insufficient pleading. The Supreme Court has decided that " on motion in arrest of judgment the court will intend that every material fact alleged in the declaration, or fairly and reasonably inferable from what is alleged, was proved at the trial; and if from the issue, the fact omitted and fairly inferable from the facts stated in the declaration may fairly be presumed to have been proved, the judgment will not be arrested." Penn. Co. v. Ellett, 132 Ill. 654. " It is only where a declaration is so defective that it will not sustain a judgment, that such objection may be availed of on mo-

tion in arrest in the trial court or on error or appeal."
C. & E. Ill. Ry. Co. v. Himes, 132 Ill. 161. If the count
had stated that the scaffold broke and collapsed on account
of its defective construction, it would not be subject to
criticism. But such statement is fairly inferable from what
is alleged. The count may be a defective statement of a
good cause of action, and if appellant desired to be advan-
taged thereby, it should have demurred. Not having done
so, it cannot now and here successfully urge that this count
is so deficient that it will not sustain the judgment.

The second count, which charges that appellant negli-
gently caused the scaffold " to be built of defective and
unsafe boards," is not criticised.

The next contention of appellant is that the plan of con-
struction of the scaffold in question was so obvious and
apparent to appellee that he saw, or by the exercise of or-
dinary care on his part might have seen, all the dangers
which might result from its use, and therefore, under the
familiar rule that where the servant enters into the em-
ployment with full knowledge of its dangers and continues
in such service without complaint he assumes the risk,
appellant is not liable in this case. The preponderance of
the evidence is that appellee did not assist in putting up
this scaffold, did not examine it, did not know of its defects,
and was not warned of its dangers. The fall of the scaf-
fold was caused by the breaking of one of the stringers.
The evidence shows that the stringers were hidden by the
covering of boards which formed the floor of the scaffold.
Appellee was but one of the many common laborers who
preceded or followed the skilled workmen engaged in the
construction of this great building.

The general rule is that when the master constructs a
scaffold he is bound to use reasonable care to make it rea-
sonably safe. It is also the general rule that the employee,
in the absence of patent defects, is not *per se* negligent,
solely because he goes to work at a place provided for and
pointed out to him by the master, without first examining
that place for possible defects.

Under the evidence it was a question for the jury to decide whether or not appellee knew, or should have known, of the danger he was in, and whether or not appellant knew, or should have known, the defects in this scaffold. The jury found each of these questions in favor of appellee. We cannot see that in reaching this conclusion they were moved by passion or by prejudice, and hence we are not warranted in setting aside this verdict for lack of evidence to sustain it.

Appellant says the court erred in giving to the jury instructions Nos. 1 and 2, tendered by appellee. They are as follows:

"No. 1. If the jury believe from all the evidence and under the instructions of the court that the plaintiff has made out his case as laid in his declaration or any count thereof, they must find for the plaintiff.

"No. 2. If the jury believe from the evidence that the plaintiff, while in the exercise of ordinary care, was injured by or in consequence of the negligence of the defendant, The Illinois Terra Cotta Lumber Co., as charged in his declaration or any count thereof, then you can find the defendant, The Illinois Terra Cotta Lumber Company, guilty."

The answer to this contention is that these instructions are approved in O. & M. Ry. Co. v. Porter, 92 Ill. 441; in Penn. Co. v. Marshall, 119 Ill. 404, and in Laflin & Rand P. Co. v. Tearney, 131 Ill. 325. In the last case the Supreme Court say: "We have held that such an instruction does not make the jury judges of the effect of the averments of the declaration, but merely empowers them to determine whether the proof introduced sustains the issues made by the pleadings in the case."

Appellant complains that three of its tendered instructions (Nos. 29, 30 and 33) were marked "Refused" by the trial judge. An examination of the given instructions shows that the substance of each of the refused instructions is contained in them. Instruction No. 30 is an abstract instruction. This is another ground which justifies its refusal.

Finding no substantial error in the record, we affirm the judgment of the Circuit Court.

*Affirmed.*

A petition for rehearing was filed, in which it is contended that instruction No. 1, given at the request of appellee and which is quoted in the opinion, is fatally defective, since it omits the element of assumed risk; that in effect it told the jury that if they found appellee had proven the allegations of his declaration (which did not allege that appellee did not assume the risk), he could recover regardless of whether or not he assumed the risk. In support of this contention counsel cite Swift v. Rutkowski, 167 Ill. 156, and Ill. Cent. Ry. Co. v. Smith, 208 Ill. 618.

In City of LaSalle v. Kostka, 190 Ill. 130, 133, where a similar instruction was criticised, the Supreme Court held that though the declaration failed to allege the plaintiff did not know of the dangerous condition of the ditch, or by the exercise of ordinary care could not have known it, or did not have as good an opportunity to know as did the defendant, it did allege that the plaintiff was using due and ordinary care for his own safety; that such allegation negatives negligence, and, by implication, that he had knowledge of the defects by reason of which he was injured; and that the allegation is, therefore, sufficient on error. " If the plaintiff had knowledge of the defects through which his injury was received, the fact of such knowledge is matter of defense." To the same effect is Mt. Olive Coal Co. v. Rademacher, 190 Ill. 542.

In our opinion the Smith case, *supra*, does not clearly support the contention of appellant, while the Kostka and the Rodemacher cases, *supra*, are directly in point to the contrary.

The petition for a rehearing is denied.

*Petition denied.*